```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MICHIGAN
                     SOUTHERN DIVISION
```

LIGHTHOUSE COMMUNITY CHURCH OF
GOD, a non-profit ecclesiastical          CIVIL CASE NO. 05-40220
corporation,

                Plaintiff,          HONORABLE PAUL V. GADOLA
                                    U.S. DISTRICT JUDGE
v.

CITY OF SOUTHFIELD, a Michigan
municipal body, CITY OF
SOUTHFIELD ZONING OFFICIAL,
PLANNING OFFICIAL, AND BUILDING
OFFICIALS,

                Defendants.
_____/

### ORDER ABSTAINING FROM THE EXERCISE OF JURISDICTION AND STAYING CASE

Before the Court is Plaintiff's motion for a preliminary injunction. Plaintiff, the Lighthouse Community Church of God, seeks to continue to use its building in Southfield for religious purposes. Plaintiff therefore seeks to enjoin the City of Southfield from precluding Plaintiff from using Plaintiff's building. Because the Court determines that the Younger Abstention Doctrine applies, the Court will stay this action and abstain from exercising jurisdiction at this time.

I.    BACKGROUND

Plaintiff, the Lighthouse Community Church of God ("Plaintiff"

or "the Church"), brings this action against the City of Southfield, the City of Southfield Zoning Official, Planning Official, and Building Officials ("Defendant" or "Southfield"). Plaintiff seeks a preliminary injunction prohibiting the interference with its religious services at a building in Southfield. Although Plaintiff states in its brief that the facts are "simple and uncontroverted," the submissions from the parties and statements made at the hearing demonstrate that the parties contest the facts. Pl. Br. at 1.  The following facts are gleaned from both parties' submissions.

Plaintiff previously owned real property and met for worship in Detroit.  In 2003, Plaintiff sought to relocate to Southfield, because many congregation members lived in that area.  Plaintiff purchased a building in Southfield, located at 20830 Rutland Drive in Southfield, Michigan.  The building has 73 parking spaces and adjacent two hour street parking.  The building is in an "Education Research Office" district ("ERO district").  A church is a permitted use in an ERO district.  The parties contest the content and tone of various communications between Plaintiff and Nicholas Banda, the Director of Planning and Economic Development for the City of Southfield.

Plaintiff began using the building in Southfield for worship "in February 2004 and have been continually using the premises for

worship, outreach and office use since moving in." Pl. Mot. at 5. A City zoning ordinance requires a property owner to obtain a certificate of occupancy before occupying the property. Ch. 45, Art. 24, § 5.202(1). To date, Plaintiff has not obtained a certificate of occupancy. The parties dispute the reason that a certificate of occupancy has not been issued.

Plaintiff sought an application for a zoning variance relating to the number of parking spots required in May 2004. Various meetings relating to Plaintiff's application occurred regarding the proposed site plan for changes to the building's sanctuary, seating, and the effects on the required number of parking spaces.

On May 1, 2005, Defendant Southfield issued a citation to Plaintiff for violation of the City Ordinance that required a certificate of occupancy before the use of the facility commences. The matter came before Judge Susan Moiseev, a judge of the 46th District Court. See People v. Lighthouse Church of God, No. 05-S-0001552 ON. Plaintiff filed a motion for dismissal before Judge Moiseev. At a hearing on June 13, 2005, Judge Moiseev denied the motion, found the Church responsible for the infraction, and scheduled sentencing for July 13, 2005.

Plaintiff filed this action on July 12, 2005, bringing claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Due Process Clause, and the Equal Protection

Clause.  The Court entered a temporary restraining order on the same day.  At the sentencing hearing in state court on July 13, 2005, Judge Moiseev imposed a $500.00 civil fine and ordered the church to cease and desist from occupying the building without a certificate of occupancy.  That order has been stayed through this Court's temporary restraining order.  The Church has appealed to the Oakland County Circuit Court on July 15, 2005.  The matter remains pending in state court.

Plaintiff now seeks a preliminary injunction to restrain Defendant Southfield from enforcing the state court's cease and desist order.  After the hearing on this motion, Plaintiff filed an application for a certificate of occupancy on August 2, 2005.  The City inspected the building and premises on August 4, 2005.  On August 8, 2005, the Chief Building Official for Defendant sent a letter to Plaintiff's pastor listing various code violations.  See Ex. to Def. Supp. Reply.  It is not clear from the record before the Court whether the City has denied the application for a certificate of occupancy based on the inspection.

**II.    ANALYSIS**

As a threshold matter, the Court will address the Younger Abstention Doctrine.  Because the Court determines that this doctrine applies, the Court will abstain from exercising its jurisdiction at this time.  The Court accordingly refrains from

addressing the merits of the motion for a preliminary injunction and stays this case pending the conclusion of the state court proceedings.

The Younger Abstention Doctrine derives from the Supreme Court case of Younger v. Harris, 401 U.S. 37 (1971). This doctrine "counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state proceedings." Gilbert, 401 F.3d at 419 (citation omitted). The Sixth Circuit has advised that three factors should be considered in applying the doctrine:

> 1) whether the underlying proceedings constitute an ongoing judicial proceeding, 2) whether the proceedings implicate important state interests, and 3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge.

Id. (citation omitted).

Regarding the first requirement, the state proceedings are ongoing, as they are currently on appeal before the Oakland County Circuit Court. On August 3, 2005, Oakland County Circuit Court Judge Rae Lee Chabot entered an order denying Plaintiff's request to stay the enforcement of the cease and desist order. The case remains pending before Judge Chabot. This requirement is therefore satisfied.

Regarding the second requirement, the zoning and land use

issues do implicate important state interests.  See Executive Arts Studio, Inc. v. City of Grand Rapids, 391 F.3d 783, 791 ("the City does have a substantial interest in enforcing its zoning laws"); Ken-N.K., Inc. v. Vernon Twp., 18 Fed. Appx. 319, 324 (6th Cir. 2001) ("the enforcement and application of zoning ordinances and land-use regulations" "implicate an important state and local interest").  Additionally, Defendants articulated at the hearing a concern for the safety and welfare of the building's occupants.  The safety and welfare of its citizens, which the local ordinances address, are also important state interests.  This requirement is also satisfied.

The third requirement is an adequate opportunity to raise a constitutional claim in the state proceedings.  The Sixth Circuit has held that a "plaintiff must prove the inadequacy of the state courts."  Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995).  Thus, the burden of disproving this requirement is on Plaintiff.  The Supreme Court has recently noted that "[s]tate courts are fully competent to adjudicate constitutional challenges to local land-use decisions.  Indeed, state courts undoubtedly have more experience than federal courts do in resolving the complex factual, technical, and legal questions related to land-use regulations."  San Remo Hotel v. City and County of San Francisco, 544 U.S. ___, 125 S. Ct.

2491, 2507 (2005). Plaintiff states that "[t]he [state] district court was not presented with RLUIPA and Constitutional claims." Pl. Reply Br. at 8. The pleadings before this Court do not detail the grounds on which Plaintiff contested the state court proceeding. Regardless of the arguments that Plaintiff actually raised in the state court, nothing before the Court demonstrates that Plaintiff was unable to or precluded from raising the RLUIPA claims or a constitutional defense in state court. Thus, this third requirement is satisfied.

Furthermore, the Court determines that the exceptions to the Younger Abstention Doctrine do not apply. The Sixth Circuit has held that the "exceptions to Younger have been narrowly construed." Zalman v. Armstrong, 802 F.2d 199, 205 (6th Cir. 1986). In Zalman, the Court noted that "[m]ost recently, the [Supreme] Court has reemphasized the rarity of these exceptions, noting that Younger applies 'except in the very unusual situation that an injunction is necessary to prevent great and immediate irreparable injury.'" Id. (citing Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 626 (1986)).

The first exception applies if "the state proceeding is motivated by a desire to harass or is conducted in bad faith." Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975). The Sixth

7

Circuit, in addressing this exception has advised that "[c]ommentators have noted that the Supreme Court has applied the 'bad faith' exception to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." Ken-N.K., Inc. v. Vernon Twp., 18 Fed. Appx. 319, 324-25 at n.2 (6th Cir. 2001) (citing Erwin Chemerinsky, Federal Jurisdiction § 13.4, at 806-08 (3d ed. 1999). In this case, the bad faith, even as Plaintiff alleges it, does not rise to the level required by the exception. There have not been repeated prosecutions of Plaintiff. In fact, the City did not pursue the ordinance violation immediately. Although the City warned Plaintiff of its alleged failure to obtain a certificate of occupancy, it did not issue a citation until May 1, 2005. See Def. Resp. Ex. 5. The City then "follow[ed] through" with the prosecution of the alleged ordinance violation, allowing Plaintiff to raise a defense in state court. Id. Accordingly, this exception does not apply.

The next exception applies if "the challenged statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to

apply it." Moore v. Sims, 442 U.S. 415, 424 (1979) (quotation omitted).  In this case, the challenge is against the alleged application of certain ordinances, not against the ordinances themselves.  The ordinances themselves are not "flagrantly and patently violative of express constitutional prohibitions."  Id. (citation omitted).  Accordingly, this exception does not apply.

The third exception applies if there is "an extraordinarily pressing need for immediate federal equitable relief." Kugler v. Helfant, 421 U.S. 117, 125 (1975).  To examine this exception, the Court looks to the irreparable harm that Plaintiff might suffer if the Court abstained from exercising its jurisdiction.

In this case, Plaintiff claims that the harm would be that the Church would close, and by closing the Church, the members would have no place to worship.  There is no other Church of God in Southfield.  A congregation of over 80 years would allegedly be disbanded.  The Court acknowledges that a religious community is irreplaceable.  The Court, however, is not convinced that the inability to use a particular building in Southfield entails that the religious community would disband or be unable to worship together.  The claim that the religious community would cease to exist is not supported by affidavits. Plaintiff has not demonstrated attempts to find temporary space, the costs of such

9

space, or other feasible alternatives. The Court therefore determines that there is no "extraordinarily pressing need for immediate federal equitable relief," and therefore determines that this exception does not apply. Id.

Since the requirements have been met and since the exceptions do not apply, the Court will apply the Younger Abstention Doctrine. The Court will therefore stay this case, in accordance with the Sixth Circuit's instruction that:

> the appropriate procedure, when abstaining under Younger, is to stay the proceedings rather than to dismiss the case without prejudice. Issuing a stay avoids the costs of refiling, allows the plaintiffs to retain their place on the court docket, and avoids placing plaintiffs in a sometimes difficult position of refiling their case before the statute of limitations expires.

Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir. 1995); see also Ken-N.K., Inc. v. Vernon Twp., 18 Fed. Appx. 319, 324-25 at n.2 (6th Cir. 2001).

**III. CONCLUSION**

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Court abstains from exercising its jurisdiction and, therefore, the Court **STAYS** this case pending the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court shall **ADMINISTRATIVELY CLOSE** this case, insofar as this case shall not be considered a pending case at this time for administrative

purposes only.

**IT IS FURTHER ORDERED** that, if Plaintiff seeks to reopen this case, Plaintiff **SHALL FILE** a notice of the conclusion of the underlying proceedings and any appropriate motion with this Court and serve such notice on all parties to this action within **forty-five (45) days** of the conclusion of those proceedings.

**IT IS FURTHER ORDERED** that all pending motions in this case [docket entries 2, 11, 20] are **DENIED WITHOUT PREJUDICE** and may be re-filed at an appropriate time.

**SO ORDERED.**


Dated: August 12, 2005              s/Paul V. Gadola
                                    HONORABLE PAUL V. GADOLA
                                    UNITED STATES DISTRICT JUDGE


| Certificate of Service |
|---|
| I hereby certify that on  August 12, 2005 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:       Daniel P. Dalton; T. Joseph Seward                                            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                 . |
|                                       s/Ruth A. Brissaud<br>                                       Ruth A. Brissaud, Case Manager<br>                                       (810) 341-7845 |

11