UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIGHTHOUSE COMMUNITY CHURCH OF
GOD,

                            Plaintiff,       CIVIL CASE NO. 05-40220

v.

                                                 HONORABLE PAUL V. GADOLA
CITY OF SOUTHFIELD, et al.,                U.S. DISTRICT COURT

                            Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

Before the Court is Defendants' motion for reconsideration of this Court's January 3, 2007 order. The motion for reconsideration was filed on January 18, 2007. Plaintiff filed a response to the motion for reconsideration on January 29, 2007. For the reasons set forth below, the Court denies Defendants' motion for reconsideration.

**I.     Background**

Plaintiff Lighthouse Community Church of God owns a two-story, 20,000 square foot building, located at 20830 Rutland Drive in Southfield, Michigan. Since at least August of 2005, Defendant City of Southfield has prohibited Plaintiff from using the building for worship services. Plaintiff first filed suit against the City of Southfield and other unnamed city officials on July 12, 2005. Plaintiff's Amended Complaint was filed on July 31, 2006, alleging claims against the City of Southfield and Nicholas Banda, the City's Director of Planning and Economic Development. The Amended Complaint contains a claim brought pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (codified at 42 U.S.C. § 2000cc) and various other claims brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's civil and constitutional rights.

On January 3, 2007, the Court issued an order resolving the parties' cross-motions for summary judgment. In particular, the Court granted Plaintiff's motion for summary judgment after finding that the October 17, 2006 denial of a parking variance by the City's Zoning Board of Appeals was a violation of RLUIPA. The Court denied Defendants' motion for summary judgment and permitted Plaintiff's remaining constitutional claims to proceed.

Defendants have now filed a timely motion for reconsideration that does not contest the Court's finding of a RLUIPA violation. Instead, Defendants argue that because the Court found a violation of RLUIPA, Plaintiff's remaining constitutional claims brought pursuant to 42 U.S.C. § 1983 should be dismissed.

**II.   Analysis**

Local Rule 7.1(g) for the Eastern District of Michigan provides for reconsideration of a Court's order or judgment. The rule states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(g)(3). The purpose of a motion for rehearing is not to permit parties to reargue an issue before the Court, but to bring to the attention of the court "a palpable defect" that would have affected the disposition of the case.

Defendants make two arguments as to why there is a palpable defect that would affect the outcome of this case, and why Plaintiff's remaining constitutional claims should be dismissed. First, Defendants argue that RLUIPA precludes other constitutional claims brought pursuant to 42 U.S.C. § 1983 because Congress intended for RLUIPA to be the exclusive avenue for obtaining relief for

certain constitutional violations. Second, Defendants argue that Plaintiff's constitutional claims arise from the same set of facts and rely on the same legal theories as Plaintiff's RLUIPA claim. Accordingly, since full relief for Plaintiff is available under RLUIPA, Defendants argue that the Court should not reach the remaining constitutional claims brought pursuant to § 1983.

The Court does not find Defendants' arguments to be compelling. Defendants have failed to cite one court which specifically held that a RLUIPA claim precluded a plaintiff from bringing other constitutional claims. After its own review, the Court is unable to find any case law that supports the argument that Congress intended RLUIPA to preclude all other § 1983 constitutional claims. On the contrary, as Plaintiff notes in its response, many courts have permitted a RLUIPA claim to proceed alongside other constitutional claims, such as claims for violations of due process and equal protection. *See, e.g.*, *Konikov v. Orange County*, 410 F.3d 1317, 1319 (11th Cir. 2005); *Vision Church v. Vill. of Long Grove*, 397 F. Supp. 2d 917, 935 (N.D. Ill. 2005); *Freedom Baptist Church v. Twp. of Middletown*, 204 F. Supp. 2d 857, 876 (E.D. Pa. 2002).

Moreover, in this Court's January 3, 2007 order, the Court found a RLUIPA violation when the City's Zoning Board of Appeals denied Plaintiff a parking variance on October 17, 2006. Plaintiff's alleged claims for other constitutional violations, however, go beyond the October 17, 2006 denial of a parking variance. Plaintiff's allegations of unequal treatment, arbitrary action, and bad faith dealing by the City stretch back to at least May of 2004. Thus, the facts and legal theories supporting Plaintiff's claims for other § 1983 constitutional violations are different from those that support the October 17, 2006 RLUIPA violation. Consequently, the Court finds that there is no palpable defect in this Court's January 3, 2007 order and that the Court's finding of a RLUIPA violation does not prevent Plaintiff from going forward on its other constitutional claims brought

pursuant to 42 U.S.C. § 1983.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' motion for reconsideration [docket entry 178] is **DENIED**.

**SO ORDERED.**

Dated: __March 7, 2007__                    s/Paul V. Gadola
                                            HONORABLE PAUL V. GADOLA
                                            UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on __March 7, 2007__ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
   Daniel P. Dalton; Michael Q. Hyde; Anne M. McLaughlin; T. Joseph Seward; L. Michael Wicks                                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____ .

                                            s/Ruth A. Brissaud
                                            Ruth A. Brissaud, Case Manager
                                            (810) 341-7845