UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIGHTHOUSE COMMUNITY CHURCH OF
GOD,

                                   Plaintiff,        CIVIL CASE NO. 05-40220

v.

                                              HONORABLE PAUL V. GADOLA
CITY OF SOUTHFIELD, et al.,                    U.S. DISTRICT COURT

                                  Defendants.
_____/

## ORDER

Before the Court are four motions filed by Defendants: (1) a motion for leave to file a motion for summary judgment filed on January 29, 2007; (2) the corresponding motion for summary judgment of Defendant Nicholas Banda, also filed on January 29, 2007; (3) a motion for judgment on the pleadings filed on February 16, 2007; and (4) a motion for first adjournment of trial filed on February 8, 2007. For the reasons set forth below, the Court grants Defendants' motion for leave to file, grants in part Defendants' motion for summary judgment of Defendant Nicholas Banda, denies Defendants' motion for judgment on the pleadings, and grants Defendants' motion for adjournment.

**I.**      **Background**

Plaintiff Lighthouse Community Church of God owns a two-story, 20,000 square foot building, located at 20830 Rutland Drive in Southfield, Michigan. Since at least August of 2005, Defendant City of Southfield has prohibited Plaintiff from using the building for worship services. Plaintiff first filed suit against the City of Southfield and other unnamed city officials on July 12, 2005. Plaintiff's Amended Complaint was filed on July 31, 2006, alleging claims against the City

of Southfield and Nicholas Banda, the City's Director of Planning and Economic Development. The Amended Complaint contains a claim for a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (codified at 42 U.S.C. § 2000cc) and various other claims brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's civil and constitutional rights.

On January 3, 2007, the Court issued an order resolving the parties' cross-motions for summary judgment. In particular, the Court granted Plaintiff's motion for summary judgment after finding that the October 17, 2006 denial of a parking variance by the City's Zoning Board of Appeals was a violation of RLUIPA. The Court denied Defendants' motion for summary judgment and permitted Plaintiff's remaining constitutional claims to proceed.

On January 29, 2007, Defendants filed a motion for leave to file and a motion for summary judgment of Defendant Nicholas Banda. In these motions, Defendants argue that Plaintiff has failed to establish a RLUIPA violation against Defendant Banda and that Defendant Banda is entitled to qualified immunity. Defendants do not argue with respect to the other constitutional claims brought by Plaintiff pursuant to 42 U.S.C. § 1983, but presume that these claims are precluded by the RLUIPA claim. Accordingly, Defendants argue that Defendant Banda should be dismissed from this case.

On February 16, 2007, Defendants filed another motion entitled "Motion for Judgment on the Pleadings and to Remove Case from Jury Trial Docket." In this motion, Defendants argue that Plaintiff may not recover damages under RLUIPA, and that since there is no issue of damages for determination, the case should be removed from the jury trial docket and judgment on the pleadings should be rendered.

These motions submitted by Defendants rely on Defendants' earlier motion for

2

reconsideration, which argued that Plaintiff's RLUIPA claim precludes Plaintiff's other constitutional claims brought pursuant to 42 U.S.C. § 1983. This Court has denied Defendants' motion for reconsideration and, consequently, has permitted Plaintiff to pursue its remaining § 1983 constitutional claims. Accordingly, the issues of liability and of damages remain with respect to Plaintiff's § 1983 claims. The Court will now consider Defendants' motions in turn.

## II.    Defendants' Motion for Leave to File and Motion for Summary Judgment of Defendant Nicholas Banda

In these motions, Defendants argue that Plaintiff has failed to establish a RLUIPA violation against Defendant Nicholas Banda and that Banda is entitled to qualified immunity, and accordingly, that Banda should be dismissed from this case. Plaintiff responded to only Defendants' motion for leave to file and not to the actual summary judgment motion. Plaintiff argues that leave to file should be denied because Defendants have not demonstrated good cause to file their motion for summary judgment on the eve of trial when it could have been filed up to nine months ago. Plaintiff is apparently waiting for the Court's ruling on the motion for leave to file before submitting a substantive response to the summary judgment motion. In order to secure as just and as speedy a resolution to this case as possible, the Court will grant Defendants' motion for leave to file its motion for summary judgment. *See* Fed. R. Civ. P. 1. Furthermore, after a review of the pleadings, the Court finds that a response from Plaintiff is unnecessary in order to make a determination on Defendants' summary judgment motion.

When considering Defendants' motion and when taking the facts in the light most favorable to non-moving Plaintiff, the Court finds that Defendant Banda cannot be held liable for the October 17, 2006 RLUIPA violation. In the January 3, 2007 order, this Court found that a RLUIPA violation occurred on October 17, 2006 when the City of Southfield Zoning Board of Appeals made an

3

individualized assessment and denied the parking variance requested by Plaintiff. This Court limited

its finding of a RLUIPA violation to that October 17, 2006 parking variance denial. Defendants are

correct in asserting that Banda had no role in this decision of the Zoning Board of Appeals. Banda

did not participate in the decision, nor did he have a role in making an individualized assessment of

Plaintiff's parking situation. Accordingly, Banda cannot be held liable for the RLUIPA violation,

and it is proper to grant Defendants' motion for summary judgment on this issue.

It should be noted that Plaintiff's other constitutional claims brought under § 1983 remain

viable. Plaintiff has alleged that Banda violated Plaintiff's constitutional rights both in his official

capacity and individually. In their motion, Defendants have not argued that Banda should be

dismissed from the case with respect to these remaining § 1983 issues. As noted above, Defendants

presumably believe that the remaining § 1983 constitutional claims should be dismissed, as argued

in their earlier motion for reconsideration. Since this Court has denied Defendants' motion for

reconsideration and permitted Plaintiff's § 1983 claims to go forward, Banda is still a defendant in

this action. As neither party has submitted arguments as to whether Banda can remain a defendant

in both his official capacity and individually with respect to the § 1983 claims, the Court will not

make a determination on this issue at this time.

### III.   Defendants' Motion for Judgment on the Pleadings

In this motion, Defendants argue that Plaintiff may not recover damages under RLUIPA, and

that since there is no issue of damages for determination, the case should be removed from the jury

trial docket and judgment on the pleadings should be rendered. This motion is similarly premised

on Defendants' argument in their earlier motion for reconsideration that the RLUIPA claim

precludes any remaining constitutional claims brought under § 1983.

4

As this Court has ruled in its January 3, 2007 order, Plaintiff can proceed on its constitutional claims brought under § 1983. Damages are available for these § 1983 claims. *See Cmtys. for Equity v. Mich. High Sch. Ath. Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006) ("For plaintiffs, then, § 1983 serves as a vehicle to obtain damages for violations of both the Constitution and of federal statutes."). As for whether damages are available for the RLUIPA violation, a search has failed to reveal case law definitively ruling on this question. Turning to the language of the statute, the relevant portion of RLUIPA states: "A person may assert a violation of this Act as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a). Defendants argue that "appropriate relief" does not include damages. In opposition, Plaintiff argues that Congress intended for RLUIPA's "appropriate relief" to cover more than simply injunctive relief, but monetary damages as well.

After consideration of the case law, the Court finds Plaintiff's position to be more persuasive. First, whether damages under RLUIPA are available against a government entity or a defendant acting in an official capacity and whether RLUIPA damages are available against a defendant acting individually are two separate questions. It appears that much of the case law questioning whether RLUIPA provides for damages involves the latter issue of a defendant being sued individually. See discussion and case law listed in *Daker v. Ferrero*, 2006 WL 346440, at *8 (N.D. Ga. Feb. 13, 2006). Here, as stated in Section II of this Order, Defendant Banda is not liable for the RLUIPA violation because he was not a part of the decision of the Zoning Board of Appeals and the denial of the parking variance. Thus, there is no need to determine whether RLUIPA damages are available against a defendant individually. Instead, the only issue is whether RLUIPA damages are available against a government entity. On this question, the Court finds the reasoning and case law

5

2:05-cv-40220-SFC-RSW   Doc # 203   Filed 03/07/07   Pg 6 of 8   Pg ID 5889

cited by Plaintiff to be persuasive. *See Chase v. City of Portsmouth*, 428 F. Supp. 2d 487, 490 (E.D. Va. 2006) (stating that it is "well-settled" that damages can found against Defendant City).  Thus, the Court finds that Plaintiff can pursue damages against Defendant City of Southfield under RLUIPA.      Defendants argue in the alternative that even if the Court finds that RLUIPA provides for damages, the October 17, 2006 denial of a parking variance is not the proximate cause of any alleged damages for Plaintiff's inability to use the Rutland building for worship services. Defendants point to certain building code violations which are currently preventing Plaintiff from using the Rutland building for worship services.  Thus, Defendant argues, Plaintiff has not suffered any actual damages as a result of the RLUIPA violation.

Defendants are correct in arguing that the RLUIPA violation is limited to the October 17, 2006 denial of the parking variance.  Though Plaintiff's Amended Complaint alleges violations that date back to at least May of 2004, the Court declined to find that a RLUIPA violation had occurred during this time.  It was only when Plaintiff refiled its application for a parking variance pursuant to this Court's August 29, 2006 order that the jurisdictional element of a RLUIPA violation was satisfied.  Accordingly, as this matter now stands, a RLUIPA violation only occurred on October 17, 2006 and any damages for this RLUIPA violation are limited to those damages proximately caused by the October 17, 2006 parking variance denial.  The nature and amount of damages proximately caused by the denial of the parking variance is a matter for Plaintiff to prove at trial.

It should be noted that Plaintiff is currently unable to use the Rutland Drive building, not because of the RLUIPA violation, but because of certain outstanding building code violations.  At the February 23, 2007 hearing, counsel for Defendants conceded that the only thing barring Plaintiff from using its building for worship services were these outstanding building code violations.

Counsel for Defendants stated that if Plaintiff were to correct the building code problems previously identified, then there would be nothing preventing Plaintiff from using its building for worship services. This matter of the building code violations has not been brought properly before the Court, either in the past or currently, as neither party has ever sufficiently argued or briefed the issue. Yet, regardless of the outstanding issue of the building code violations, this Court finds that Plaintiff can still proceed to trial on the issue of damages for the October 17, 2006 RLUIPA violation and the issues of liability and of damages for Plaintiff's remaining constitutional violations brought pursuant to § 1983.

**IV.    Defendants' Motion for First Adjournment of Trial**

In this last motion, Defendants request that the trial date be adjourned due to a scheduling conflict for Defendants' lead counsel. As was discussed on the record at the February 23, 2007 hearing, the trial date in this matter must be tentatively adjourned due to the Court's current trial docket and several pending criminal cases whose resolutions take precedence over that of the instant civil case. At the February 23, 2007, the Court's clerk tentatively indicated that March 26, 2007 would be a possible trial date. Due to an additional criminal case on the Court's docket, this date must be further adjourned for a period of time. Consequently, Defendants' motion for first adjournment of trial is granted, and jury trial in this matter is tentatively rescheduled for April 9, 2007.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' motion for leave to file a motion for summary judgment [docket entry 185] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment of Defendant Nicholas Banda [docket entry 186] is **GRANTED IN PART** and that, with respect to Plaintiff's

7

RLUIPA claim, Defendant Nicholas Banda is dismissed.  With respect to Plaintiff's remaining constitutional violations brought pursuant to 42 U.S.C. § 1983, Nicholas Banda remains a defendant in his official capacity and individually.

IT IS FURTHER ORDERED that Defendants' motion for judgment on the pleadings [docket entry 194] is DENIED.  Those issues that remain for trial include a determination of damages related to the October 17, 2006 RLUIPA violation, and liability and damages for the remaining § 1983 constitutional violations.

IT IS FURTHER ORDERED that Defendants' motion for first adjournment of trial [docket entry 190] is GRANTED.  Jury trial in this matter is tentatively rescheduled to begin on April 9, 2007.  As this is a tentative date, counsel for both parties are advised to remain in contact with the Court.

SO ORDERED.

Dated:   March 7, 2007                              s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   March 7, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
  Daniel P. Dalton; Michael Q. Hyde; Anne M. McLaughlin; T. Joseph Seward; L. Michael Wicks                                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

                                                    s/Ruth A. Brissaud
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845