UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIGHTHOUSE COMMUNITY CHURCH
OF GOD, a not for profit ecclesiastical
corporation,

    PLAINTIFF,

v.                                                                                          CASE NO. 05-40220

CITY OF SOUTHFIELD, a Michigan                      HONORABLE SEAN F. COX
municipal body, NICHOLAS G. BANDA,
in his Official capacity and Individually,

    DEFENDANTS.
_____/

**OPINION & ORDER
AFFIRMING MAGISTRATE JUDGE WHALEN'S JULY 26, 2006 ORDER**

    This matter is currently before the Court on Defendants' Objections to Magistrate Judge Steven Whalen's July 31, 2006 "Supplemental Order Regarding Request To Produce." Having reviewed the relevant materials, the Court finds that Magistrate Judge Whalen's rulings were not clearly erroneous or contrary to law. The Court shall therefore AFFIRM the Order.

BACKGROUND

    On June 21, 2006, Plaintiff filed a Motion to Compel Responses to Second Requests to Produce [Docket Entry No. 72]. Pursuant to 28 U.S.C. § 636(B)(1)(A), the motion was referred to the magistrate judge assigned to this case for hearing and determination.

    Following briefing by the parties and oral argument, Magistrate Judge Steven Whalen issued an Order on July 26, 2006, that provided, in relevant part:

    1.    The Motion is GRANTED to the extent that Defendant shall produce all

1

>    relevant documents related to the Rutland Avenue property owned by
>    Plaintiffs, as well as the contiguous property referenced as 'vacant Rutland,' Sidwell Number end
>
> 2. As to the e-mails listed in Defendant's privilege logs, Defendant shall submit copies to the Court for in camera review, after which the Court will determine whether any or all of said e-mails are protected by privilege.
>
> 3. In all other respects, the Motion to Compel is DENIED.

(7/26/06 Order). Defendants then produced the e-mails at issue for in camera inspection by Magistrate Judge Whalen on July 28, 2006.

On July 31, 2006, Magistrate Judge Whalen issued a "Supplemental Order Regarding Request To Produce." After his in camera review of the e-mails at issue, Magistrate Judge Whalen ruled that with only five exceptions, the e-mails are protected by either attorney-client or work product privilege. He determined that a total of five e-mails are not protected by work product or other privilege, including:

- Bates No. 000117, dated July 29, 2005, at 2:16 p.m. (From Wayne Jewell to Kerry Comerford and Susan Armstrong). Defend [sic]

- Bates No. 000171, dated September 30, 2005, at 4:55 p.m. (From Jonathon Hallberg to James Ralph). Hallberg is the Executive Director of Cornerstone Development Authority, not a lawyer for the City. Although this e-mail references a general discussion with attorney Jack Beras, it does not contain privileged communications. The bulk of the e-mail is non-attorney communication between Hallber [sic] and James Ralph, and no attorney for the City was even copied.

(7/31/06 Order at 2-3). He therefore ordered that those five e-mails be produced to Plaintiff. (*Id.*).

If a party has any objections to a magistrate judge's order disposing of a pretrial matter, pursuant to FED. R. CIV. P. 72, that party is required to file such objections for consideration by the district judge to whom the case is assigned within ten days of service of the order. The

district judge assigned to the case "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id.*

Defendants did not file any timely objections to the July 31, 2006 Order for the consideration of the district court assigned to the case.[1] Rather, on August 11, 2006, Defendants filed a motion requesting that Magistrate Judge Whalen reconsider his July 31, 2006 Order with respect to two e-mails designated as Bates No. 000117 and Bates No. 000171.

Magistrate Judge Whalen denied Defendants' Motion for Reconsideration in an order dated September 25, 2006, in which he stated:

> The Court carefully reviewed the e-mails that were submitted in camera, ruling that, with the exception of five, they were all protected by privilege. As to those five emails, the Defendant has failed either to show a 'palpable defect' by which the Court has been misled or to persuade the Court that a different disposition should result.

(9/25/06).

On October 2, 2006 – more than 60 days following service of the order – Defendants filed their instant "Objections to Supplemental Order Regarding Request to Produce." Because Defendants have not, to date, produced the two e-mails at issue, that Magistrate Judge Whalen ordered Defendants to produce on July 31, 2006, Defendants submitted the two e-mails in question to the Court for in camera review.

On October 12, 2006, Plaintiff filed a response in which it asserts that Defendants cannot meet the standard for setting aside the July 31, 2006 Order and requesting that the Court compel Defendants to produce the two e-mails in question.

---

[1]This case was originally assigned to district court judge Paul V. Gadola, but was reassigned to this Court on March 27, 2007.

3

Standard of Decision

A district court judge may designate a magistrate judge to hear and determine pretrial matters pursuant to 28 U.S.C. §636(b)(1).  When a magistrate judge hears and determines a non-dispositive motion (*i.e.*, one that is not enumerated in §636(b)(1)(A)), the district judge to whom the case is assigned may reconsider the order addressing that motion "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* FED. R. CIV. P. 72.

## ANALYSIS

A.  Defendants' Objections Are Untimely.

As a preliminary matter, the Court declines to set aside or modify Magistrate Judge Whalen's July 31, 2006 Order because Defendants did not file any objections for consideration by the district judge assigned to this case within ten days of service of the order, as required by FED. R. CIV. P. 72(a).

B.  In Addition, Even If Defendants' Objections Were Timely, Defendants Have Not Established That The July 31, 2006 Order Is Clearly Erroneous Or Contrary To Law.

With respect to the document with bates number 000117, Defendants claim that Mr. Jewell's "email contains specific mental impressions and preparations for litigation that are privileged under the work-product doctrine," and that the Court must therefore protect against their disclosure.  The Court disagrees and concludes that Magistrate Judge Whalen's ruling with respect to this first document was not clearly erroneous or contrary to law.

With respect to the document with bates number 000171, Defendants claim that "email discusses confidential legal strategy and theory and otherwise falls within the ambit of the

attorney-client privilege," and that the "Magistrate Judge clearly erred in ordering its production." Again, the Court disagrees and concludes that Magistrate Judge Whalen's ruling with respect to this second document was not clearly erroneous or contrary to law.

## CONCLUSION & ORDER

For the reasons set forth above, the Court hereby **AFFIRMS** Magistrate Judge Whalen's July 31, 2006 Order. **IT IS FURTHER ORDERED** that Defendants shall provide Plaintiff with copies of the two documents at issue (Bates No. 000117 and Bates No. 000171) immediately upon receipt of this order.

**IT IS SO ORDERED.**

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: April 2, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 2, 2007, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager